UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ADEEL ZAFAR,

                        Plaintiff,

        -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
MICHEAL MANCUSI,

                      Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-5206 (JMA) (ARL)

**FILED**
**CLERK**

9/6/2022 12:46 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court is the application to proceed *in forma pauperis* filed by Adeel Zafar ("Plaintiff") together with his *pro se* complaint and order to show cause seeking an order, *inter alia*, directing the FBI to arrest: (1) an unidentified Suffolk County police officer who pulled Plaintiff over in July 2019; and (2) Micheal Mancusi ("Defendant"), who is alleged to be the CFO of CMT Management, Inc., a former employer of Plaintiff.   (*See* ECF Nos. 1-3.)   For the reasons that follow, the application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon completion of the AO 239 Long Form *in forma pauperis* application ("Long Form") attached to this Order.   Alternatively, Plaintiff may remit the $402.00 filing fee.[1]

To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation

---

[1] Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case.   Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims.   The Court holds Plaintiff's order to show cause in abeyance pending resolution of the filing fee.

marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application to proceed *in forma pauperis* does not include sufficient information concerning his financial position and raises more questions than it answers. Plaintiff reports that he is unemployed, has not received any income from any source in the past 12 months, and has $80 in cash or in an account. (*See* ECF No. 2, ¶¶ 2-3.) Plaintiff responded "No" to every other question on the form. Thus, he reports having no assets, debts, or other financial obligations. (*Id.* ¶¶ 5-8.) Curiously, although Plaintiff includes a residential address and telephone number in his complaint and attachments thereto, he reports no regular monthly expenses for housing and utilities, nor does he report any expenses for items such as food, medical care, and transportation. (*See id.*)

As is readily apparent, in the absence of this information, it is impossible to determine Plaintiff's qualification to proceed *in forma pauperis*. Because the Court finds that Plaintiff can best set forth his current financial position on the Long Form, the present application to proceed *in forma pauperis* is denied without prejudice and with leave to renew on the Long Form within fourteen (14) days from the date of this Order. Alternatively, Plaintiff may remit the $402.00

filing fee. Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED**.

                                                            /s/ (JMA)

Dated:      September 6, 2022                  JOAN M. AZRACK
              Central Islip, New York      UNITED STATES DISTRICT JUDGE