UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADEEL ZAFAR,

                                  Plaintiff,

      -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
MICHEAL MANCUSI, CFO,

                              Defendants.
------------------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
10/3/2022 3:58 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
22-CV-5206(JMA) (ARL)

**AZRACK, United States District Judge:**

      Before the Court is the application to proceed *in forma pauperis* filed by Adeel Zafar ("Plaintiff") filed together with his *pro se* complaint. (*See* ECF Nos. 1-2.) For the reasons that follow, the application to proceed *in forma pauperis* is denied and Plaintiff is ordered to remit the $402.00 filing fee within fourteen (14) days in order for this case to proceed.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed *in forma pauperis* is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (citing *Choi v. Chemical Bank*, 939 F. Supp. 304, 308 (S.D.N.Y. 1996)). The court may dismiss a case brought by a plaintiff requesting to proceed *in forma*

*pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application makes clear that he is being financially supported by another and thus can remit the $402 filing fee and still provide himself with the necessities of life. *See* Docket Entry No. 2. Plaintiff reports that, in the past 12 months, he has not received any income from any source yet expects to receive "$50 million" next month from unspecified self-employment. (*See id.* ¶¶ 1, 11.) He reports having no money in cash or in an account and reports no regular living expenses, including those for housing, transportation, food, utilities, etc. However, Plaintiff provides a residential address in Deer Park, New York, as well as a telephone number. (*See id.* ¶ 12; Compl. ¶ I.).

Given that Plaintiff is apparently financially supported by another, together with his failure to disclosure that information, he is disqualified from proceeding IFP. *Fridman v. City of New York,* 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'") (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018). "When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis status*." *Dan M. v. Kijakazi*, No. 22-CV-00664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022) (*citing Amanda M. v. Kijakazi*, No. 22-CV-00353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no

2

assets . . . these sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status")).

Accordingly, the application to proceed *in forma pauperis* is denied and Plaintiff is directed to remit the $402.00 filing fee within fourteen (14) days of the date of this Order.[1] Plaintiff is warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice and without further notice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court shall mail a copy of this Order to the Plaintiff at his address of record.

**SO ORDERED.**

Dated: October 3, 2022
Central Islip, New York

                     /s/  JMA
                   JOAN M. AZRACK
                   UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case. Accordingly, Plaintiff is well-advised to consider the merit of his claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate his claims. Plaintiff is encouraged to avail himself of the free resources provided by the *Pro Se* Legal Assistance Program run by Hofstra Law School and may reach them by telephone at 631-297-2575 or by e-mail: PSLAP@hofstra.edu.